ROBINSON v. DE FERE et al.

(Supreme Court, Appellate Division, First Department.   July 7, 1905.)

1. ACTIONS—POSTPONEMENT OF TRIAL—GROUNDS FOR—ENGAGEMENT OF COUNSEL IN ANOTHER COURT.

Under rule 9 of the special rules of the Appellate Division of the Supreme Court, First Department, providing that in a case on the day calendar for trial, where it appears by affidavit that counsel who is to try the case "is to argue a cause" on the day calendar of the United States Supreme Court, etc., or "is actually engaged" in the trial of a case in a court of record in the city of New York, etc., the case shall be passed until such argument or trial is concluded, unless the trial is a protracted one, etc., where counsel in a case called for trial March 6th was engaged to argue a cause then on the calendar of the United States Supreme Court, which cause he had been notified by the clerk of that court would be called for argument March 7th, his excuse for asking a postponement of the trial was sufficient.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Continuance, § 55.]

2. SAME—FAILURE TO PRESENT AFFIDAVIT—EFFECT IN ABSENCE OF OBJECTIONS.

The fact that an affidavit of counsel's engagement was not shown by the record to have been presented to the trial court was immaterial, in the absence of an objection on that specific ground.

3. SAME—ADJOURNMENT AFTER BEGINNING TRIAL.

The case was not affected by the suggestion made when it was called that the trial might be begun on the 6th, and then adjourned over to the 7th, or to some subsequent day, as counsel, in applying for the adjournment, was strictly entitled to a postponement under the rule.

Appeal from Special Term, New York County.

Action by Frances A. Robinson against Mary A. De Fere, Arthur B. Swezey, and others. From an order denying their motion to open a default, defendants Arthur B. Swezey and others appeal. Reversed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Lucius H. Beers, for appellants.

George F. Warren, Jr., for respondent Robinson.

S. W. Linington and W. M. Coleman, for respondents De Fere and others.

PATTERSON, J.  The defendants Richard T. Swezey, Arthur B. Swezey, and Edgar L. Swezey, and their respective wives, and the defendant M. Isabelle Swezey, are parties defendant in a partition suit.  The premises sought to be partitioned belonged in his lifetime to Noah T. Swezey.  By his will he left his estate to trustees, to receive the rents, issues, and profits during the lifetime of his widow, and to pay the same to her so long as she lived, and after her death to his children then living, and the issue of such as might have died; such issue to take the share the parent would have been entitled to if such parent had lived.  The widow of the testator died in 1903.  There were then living the testator's daughter Frances Robinson, the plaintiff, and seven children of Christopher Swezey, a deceased son of testator.  There was a third son of the testator, named Ethelbert T. Swezey, who had not been

heard of for some four years or more. He had previously conveyed his interest in his father's estate to the trustees, and had released to them his interest. Ethelbert T. Swezey had three children and a wife, who are defendants and appellants here. It is set up in the amended complaint that, if living, Ethelbert T. Swezey is entitled to one-third of the property sought to be partitioned in this action, and that, if dead, his sons are entitled to one-ninth, unless his share has been duly conveyed or released. The children of Ethelbert T. Swezey allege that he died in 1899, that the instrument called a release or conveyance was executed without consideration, and that at the time of its execution Ethelbert T. Swezey was mentally incapable of making the same. It is apparent, therefore, that very serious issues respecting the rights and interests of the parties in and to the premises sought to be partitioned were presented to the court for determination. Issue was joined in the action November 7, 1904. The cause was put upon the Special Term calendar, and was reached for trial on March 6, 1905. Meantime delays had taken place in the trial, resulting from motions made of various kinds—particularly one relating to the taking of testimony in the West concerning the habits, physical condition, whereabouts, and movements of Ethelbert T. Swezey, who had disappeared, and had not been heard of for some four years, as before stated. On the 6th of March, 1905, the cause was called for trial, and the plaintiff and certain of the defendants (respondents herein) were ready for trial. Counsel for the representatives of the alleged interest of Ethelbert T. Swezey made application for an adjournment, which application was denied; it being stated in the record as follows:

"Messrs. Lord, Day & Lord, represented by Lucius H. Beers, were present at the call of the calendar, and, on the court's marking the case ready for trial, Mr. Beers stated that he was not ready to proceed, and would not appear; the court stating that he had no legal excuse for an adjournment."

That is all that is disclosed by the record of the trial as having taken place at the trial on a motion for an adjournment. The trial was then proceeded with, and resulted in the court making findings of fact and conclusions of law upon which a final judgment was entered, containing, among other things, the following:

"The defendants Ethelbert T. Swezey and M. Isabelle Swezey, his wife, Richard T. Swezey and Florence, his wife, Arthur B. Swezey and Grace Swezey, his wife, Edgar L. Swezey and Grace Swezey, his wife, have no right, title, share, or interest in or to the real property aforesaid, nor in or to any part or portion thereof."

On May 1, 1901, the attorneys for the present appellants moved the court to open the default taken against them at the trial; to vacate all proceedings had thereat, as well as the decision made and filed after the trial, and the judgment entered thereon; and to restore the cause to the calendar, and for a new trial. Voluminous affidavits and records were presented on that motion, which was denied, and from the order of denial the present appeal is taken.

On the application for an adjournment at the trial, no affidavit was presented by the applicant, but that omission is not insisted upon by the respondents. A particular ground upon which the

application was made was that Mr. Beers, of counsel in the .case, and to whom was confided the duty of trying it for those representing the Ethelbert T. Swezey interest, was engaged to argue a cause then on the calendar of the Supreme Court of the United States, and which cause he was notified by the clerk of that court would be called for argument the next day. There can be no doubt of the fact that a cause in which Mr. Beers was to be engaged was on the calendar of the Supreme Court of the United States on the 6th day of March, or that it would be called on the 7th day of March, for it actually was called and argued on that day; Mr. Beers being present in Washington, and taking part in the argument. The question primarily presented here is whether Mr. Beers had a legal excuse for not proceeding with the trial of this action when it was called on the 6th day of March. We are of the opinion that he had. Rule 9 of the special rules of the Appellate Division of the Supreme Court in the First Department provides, among other things, as follows:

"In a case upon the day calendar for trial where it shall appear to the court by affidavit that counsel who is to try the case is to argue a cause upon the day calendar of the Supreme Court of the United States or upon the day calendar of the Court of Appeals of the state of New York, or upon the day calendar of any Appellate Division of the Supreme Court, or is actually engaged in the trial of a case in a court of record in the city of New York or in the city of Brooklyn the case shall be passed for the day or until such argument or trial is concluded, unless the trial in which the counsel is engaged is a protracted one. In no other event shall a case upon the day calendar be passed for the day."

It is to be observed that this rule contemplates two situations —one in which the counsel is to be engaged in a cause in a court at a distance, and one in which he is actually engaged in a court of record in the city of New York or in Brooklyn. Where the case is in the Supreme Court of the United States, at Washington, or in the Court of Appeals of the state of New York, at Albany, it is a sufficient legal excuse if the counsel who is to try a case here is to argue a cause upon the day calendar of either of the courts at a distance, whereas, if he is to try or argue a cause in a court of record in the city of New York or Brooklyn, he must be actually engaged therein, in order to make his excuse valid. That it does not appear in the record that an affidavit of Mr. Beers' engagement in Washington was presented to the trial court here is not material, for, very properly, the respondents make no objection on that specific ground. As said before, Mr. Beers' statements are true. We consider, therefore, that he had a valid and legal excuse for asking to postpone the trial of this cause. His case was on the day calendar of the Supreme Court of the United States on the 6th of March. He was to argue it and did argue it when it was reached the next day on the calendar of that court. His excuse was sufficient, and was within the rule. It is immaterial that other reasons were urged for a postponement. We have no disposition to review the action of the court in refusing to postpone the trial upon other grounds. We fully recognize the importance of sustaining the ef-. forts of the trial courts to prevent the unnecessary delays which

94 N.Y.S.—54

are constantly occurring in bringing causes to trial, and will sustain them in every proper case. But where a legal and valid excuse for a postponement exists a party cannot be deprived of his right. This case is not affected by the suggestion made when it was called that the trial might be begun on the 6th, and then adjourned over to the 7th, or to some subsequent day. Counsel, in applying for the adjournment, was strictly and technically entitled to a postponement under the rule, and on that ground we think the adjournment should have been granted until his engagement at Washington was completed.

We think the order, therefore, should be reversed, and that the judgment should be vacated, and the proceedings at the trial set aside, and a new trial ordered, and that the cause be set down for trial at the next Special Term of the Supreme Court, in the county of New York, with costs and disbursements in this court to appellant to abide event. All concur.